4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isiah EVANS, III Plaintiff/Appellant,
v.
Officer JUMAO-AS, et al., Defendants/Appellees.
 Nos. 92-1780, 92-1781.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.*
Decided Sept. 2, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Isiah Evans, a federal prisoner, brought two actions in the district court, alleging that Medical Officer Jumao-as had violated his constitutional rights by substituting Ibuprofen with Tylenol. He first filed an "Emergency Motion for a Temporary Restraining Order and or Preliminary Injunction," requesting the court to order Jumao-as to cease withholding Ibuprofen. The district court construed this as an action for injunctive relief. Evans then brought an action for damages, pursuant to 42 U.S.C. Sec. 1983. He requested damages for the pain he suffered as a result of the change in his prescription and also alleged that officials "withheld" his prescribed cotton blankets. The district court dismissed both actions as frivolous, pursuant to 28 U.S.C. Sec. 1915(d). We consolidated the appeals.
 
 
 2
 A complaint may be dismissed as frivolous under Sec. 1915(d) if its factual allegations and legal conclusions lack an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review the district court's determination for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728 (1992).
 
 
 3
 In order to survive Sec. 1915(d), the complaint must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A complaint alleging negligence in diagnosis or treatment is not of constitutional dimension. Id. Although Evans has accused the officials of "deliberate indifference" he has not alleged facts which would lead to such a conclusion. By changing his medication from one pain reliever to another, Officer Jumao-as has not demonstrated "deliberate indifference." A decision made in the exercise of medical judgment does not constitute a deprivation of constitutional rights. Id. at 107.
 
 
 4
 Evans characterizes the "withholding of cotton blankets" as a medical claim because he alleges that he is allergic to wool and cannot use wool blankets. His complaint is really a challenge to the conditions of confinement. Although knowingly subjecting inmates to subzero temperatures and refusing to provide them with any relief from the cold might constitute a constitutional violation, see Henderson v. DeRobertis, 940 F.2d 1055 (7th Cir.1991), cert. denied, 112 S.Ct. 1578 (1992), merely failing to provide Evans with a cotton blanket, did not violate the Eighth Amendment. Aside from the accusation in Evans' appellate brief that the defendants "maliciously" exposed him to the cold, he has not alleged any facts which would support such a conclusion.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs